# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BRANDON HANKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-111 (MTT) |
| | ) |
| GWENDOLYN JAMES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 19, 2020, the Defendants filed a notice of removal from the State Court of Bibb County, alleging diversity jurisdiction. Doc. 1 ¶ 15. Local Rule 87.1 requires every corporate party to file "a separate statement identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock." Local Rule 87.2 requires that for suits based on diversity jurisdiction, "any corporate party must also file a statement that identifies its state of incorporation and the state in which the corporation has its principal place of business" and that "[i]f any party is an unincorporated association, *limited liability company*, or partnership, the statement must identify the citizenship of all members, and if any member is itself an unincorporated association, the identity and citizenship of such association's constituents." (emphasis added).

Defendant BP Express, LLC filed its second corporate disclosure statement on March 20, 2020. Doc. 5. In that statement, it listed two parent corporations: BPE Holdings, LLC and BPE Midco, LLC. *Id.* But it failed to identify those entities' members

or their citizenship. L.R. 87.2; *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen.").[1]

Defendants Cherokee Insurance Company; Estes Express Lines, Inc.; and "National Union Fire Insurance Company of Pittsburg, PA" failed to identify their states of incorporation and the states in which they have their principal places of business. L.R. 87.2; *see* Docs. 6; 8; 9.

However, the missing information—except in regard to BP Express, LLC—is available elsewhere on the docket. Docs. 3; 8. There is, therefore, no need for Defendants Cherokee Insurance Company; Estes Express Lines, Inc.; or National Union Fire Insurance Company to supplement their corporate disclosure statements.

However, Defendant BP Express, LLC is **ORDERED** to file a corporate disclosure statement that complies with Local Rule 87. That statement shall be filed no later than April 17, 2020.

**SO ORDERED**, this 2nd day of April, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] For that reason, BP Express's statement that "Defendant BP Express, LLC is a company organized and existing under the laws of the State of Tennessee and has its principal office in Tennessee" is not relevant to jurisdiction. Doc. 3 at 1.